STATE OF MAINE *vs.* JOHN H. GRONDIN.

Cumberland.　Opinion July 24, 1915.

*Assault with an intent to kill.　Discretion.　Exceptions.　Hearsay Evidence.
Indictment.*

1.　The denial of a motion to strike from the record, testimony on the ground that it is subsequently shown to be hearsay, is usually a matter of discretion.

2.　When the evidence in support of a criminal prosecution is so defective or weak that a verdict based upon it could not be allowed to stand, it would undoubtedly be the duty of the court to instruct the jury to return a verdict of not guilty, and the refusal to so instruct would be valid ground of exceptions.

3.　Evidence held sufficient to warrant the jury in finding the respondent guilty as charged in the indictment.

On exceptions by respondent.　Exceptions overruled.

This was an indictment against respondent for an assault with intent to murder, and was tried before a jury at the September term, 1914, of the Superior Court for Cumberland County.　The verdict was guilty.　The respondent excepted to certain rulings, instructions and refusals to instruct, which are fully considered in the opinion.

The case is stated in the opinion.

*Jacob H. Berman,* for the State.

*William C. Eaton,* for respondent.

SITTING:  SAVAGE, C. J., SPEAR, KING, BIRD, HALEY, HANSON, JJ.

KING, J.   The respondent was tried before a jury and found guilty, at the September term, 1914, of the Superior Court for Cumberland County, Maine, upon an indictment charging that on the first day of January, 1913, at Portland, Maine, he feloniously made an assault on his wife, Zelia Grondin, with intent to kill and murder her, by wilfully and maliciously opening the gas jet and leaving the gas flowing into the room where she was sleeping, thereby partially suffocating her.   The case is before this court on two exceptions by the respondent.

FIRST EXCEPTION.

As tending to show that the respondent had a motive to get rid of his wife the State introduced testimony to the effect that he was infatuated with a Mrs. Derocher with whom he had improper and illicit relations.   It appeared that after the alleged crime the respondent and his wife went to California, where she died in October, 1913. Mrs. Martin Haas, a witness for the State, testified that Mrs. Derocher received written communications from the respondent from Los Angeles, California, and that she went to California in December following the death of Mrs. Grondin in October.

Counsel for the respondent claimed that it was made to appear by the cross examination of Mrs. Haas that she did not know of her own knowledge that Mrs. Derocher went to California, and he moved to have her testimony in reference to that stricken from the record on the ground that it was hearsay, which motion was denied and an exception taken to that ruling.

The denial of a motion to strike from the record testimony on the ground that it is subsequently shown to be hearsay, is usually a matter of discretion.   And if it had appeared in this case that the only knowledge Mrs. Haas had that Mrs. Derocher went to California was that some one had told her so, the motion might have been properly granted.   But the cross examination developed not only that she had been so told, but that she had seen written communications in the handwriting of Mrs. Derocher, and signed by her, which came through the mails from California.   That was the statement of facts within the personal knowledge of the witness from which the reasonable and natural conclusion was that Mrs. Derocher

went to California as the witness testified. There was, therefore, no reversible error in this ruling denying the motion to strike out.

SECOND EXCEPTION.

At the close of the evidence the respondent's counsel requested the presiding Judge to instruct the jury to return a verdict of not guilty, and to the refusal of that request an exception was taken.

Where the evidence in support of a criminal prosecution is so defective or weak that a verdict based upon it could not be allowed to stand, it would undoubtedly be the duty of the court to instruct the jury to return a verdict of not guilty, and the refusal to so instruct would be a valid ground of exceptions. But the case now before us is not one, we think, where such an instruction should have been given.

The fact was unquestioned that a gas jet in the room where the respondent's wife and child were sleeping, and also another gas jet in an adjoining room, were opened by some one and both Mrs. Grondin and the child were rendered unconscious by the escaping gas. There can be no doubt from the evidence that the respondent opened those gas jets. Indeed, the learned counsel for the respondent so states in his brief, saying: "We do not deny for a moment that the jury might have been warranted in finding, even beyond a reasonable doubt, that the respondent was responsible for the escaping gas, that he did turn on these two jets." But it is contended that the evidence was not sufficient to warrant the jury in finding that the respondent opened the gas jets with intent to take the life of his wife. We think this contention is not sustainable. No explanation, by or in behalf of the respondent, was made of the indisputable fact that he opened the gas jets; on the other hand, the State showed that he made absurd suggestions as to how the jets might have become opened, and told unreasonable and contradictory stories as to where he was in the house and what he was doing during the time his wife and child were being suffocated to unconsciousness by the escaping gas. Moreover, it was shown that previous to the time in question he had made eager efforts to discover if possible some evidence of misconduct on the part of his wife, resorting in the last extremity to the carrying out of a diabolical scheme whereby he had a so called detective in the guise of a priest visit and question his wife as her confessor while she was desperately ill from drugs he had administered

to her for the purpose. It will serve no useful purpose to recite or summarize the evidence presented against the respondent. Suffice it to say, that after a careful examination and consideration of all the evidence the court is of the .opinion that it was amply sufficient to warrant the jury in finding the respondent guilty as charged in the indictment.

*Exceptions overruled.*